BRIDGET O'BRIEN *v.* SAMUEL BRIETENBACH.

In an action by lessee against lessor to recover damages for refusal to give possession of the demised premises, it is no defence that the plaintiff hired the premises intending to keep a house of prostitution therein.

The mere avowal of an intent of the lessee to employ the leased property in the prosecution of an unlawful business does not constitute an offence, nor does it entitle the lessor to repudiate his contract.

APPEAL from an order at special term, striking out a part of defendant's answer as irrelevant.

This action was brought to recover damages for defendant's alleged refusal to give plaintiff possession of a portion of premises at No. 245 Canal street, in the city of New York, leased to plaintiff by the defendant.

The answer contained a paragraph as follows : " And the defendant, for a distinct and separate answer, says, that if the plaintiff hired any rooms of the defendant at No. 245 Canal street, she hired the same with the intent and meaning at the time of hiring, and ever since so intending, to keep therein a common and public house of prostitution."

The plaintiff moved to strike this paragraph from the answer, as irrelevant. The motion was granted, and the defendant appealed.

*A. L. Pinney*, for the appellant.

*O. P. Johnston*, for the respondent.

BRADY, J.—The matter objected to was properly stricken from the answer. The intention of the plaintiff, publicly avowed, to keep a bawdy house, was no reason why she should be pro-

hibited from occupying the premises rented. The defendant, her landlord, was not privy to any such intent or arrangement, and it therefore formed no part of the contract. The contract itself was not *contra bonos mores*, and although the plaintiff may have intended a violation of law by keeping a bawdy house, the mere intent itself neither constituted an offence nor gave to the defendant a right to repudiate his contract for that reason. If, after taking possession, she was guilty of the acts contemplated, the statute against disorderly houses would protect the defendant and remedy the evil.

Order appealed from affirmed.