### OLD DOMINION STEAM-SHIP Co. *v.* McKENNA and others.

*(Circuit Court, S. D. New York.* February 25, 1887.)

1. CONSPIRACY—STRIKES—PROCURING EMPLOYES TO STOP WORK.
    The procurement of workmen who are employed upon terms as to wages which are just and satisfactory to quit work in a body for the purpose of inflicting injury and damage upon the employer. by persons who are not in his employ, and until the employer should accede to demands of such outside persons, which he is under no obligation to grant, constitutes in law a malicious and illegal interference with the employer's business, which is actionable.

2. SAME—BOYCOTT—DAMAGES—MISDEMEANOR—PEN. CODE N. Y. § 168.
    Declaring and attempting to enforce a boycott for the purpose of compelling an employer to pay such a rate of wages to his employes as the boycotters who are not in his employ might demand, are acts rendering the boycotters liable in damages, and are also misdemeanors at common law as well as by Pen. Code N. Y. § 168.

3. SAME—LABORERS' ASSOCIATION—UNIONS.
    All combinations and associations designed to coerce workmen to become members of such combinations or associations, or to interfere with, obstruct, vex, or annoy them in working, or in obtaining work, because they are not members, or in order to induce them to become members; or designed to prevent employers from making a just discrimination in the rate of wages paid to the skillful and to the unskillful; to the diligent and to the lazy; to the efficient and to the inefficient; and all associations designed to interfere with the perfect freedom of employers in the proper management and control of their lawful business, or to dictate in any particular the terms upon which their business shall be conducted, by means of threats of injury or loss, by interference with their property or traffic, or with their lawful employment of other persons, or designed to abridge any of these rights,—are *pro tanto* illegal combinations or associations; and all acts done in furtherance of such intentions by such means, and accompanied by damage, are actionable.

4. SAME—ACTION—"INJURY TO PROPERTY"—ORDER OF ARREST—CODE CIVIL PROC. N. Y. § 549, SUBD. 2.
    An action to recover damages from those who have combined to do such an injury to a plaintiff's business, and the use of his property, is "an action for an injury to property," within the meaning of section 549, subd. 2, Code Civil Proc. N. Y.. and an order for the arrest of defendants may be granted therein.

Motion to Discharge from Arrest.

*Clarence A. Seward*, for plaintiffs.

*Louis F. Post* and *Samuel Ashton*, for defendants.

BROWN, J. This action was brought to recover $20,000 damages alleged to have been sustained by the plaintiff through the unlawful action of the defendants in the recent strike of the longshore-men, and in their attempt to boycott the plaintiff in its business as a common carrier. The defendants are alleged to constitute, or to style themselves, an "Executive Board of the Ocean Association of the Longshore-men's Union." At the time of the commencement of the action they were arrested and held to bail under orders of arrest issued in conformity with the state practice. The defendants now move, upon the plaintiff's papers only, to vacate the order of arrest, on the ground that the material facts charged are alleged on information and belief only, without a sufficient statement of the sources of information; that the facts stated do not make out a *prima facie* case; that it appears that the defendants were acting within their legal rights; and that the plaintiff's loss, if any, is *damnum absque injuria;* and that, at best, the plaintiff's case is so doubtful that the order of arrest should not be sustained.

I have carefully considered the elaborate arguments of counsel, and examined the numerous authorities referred to. For lack of time, I can only state my conclusions:

1. All the material averments are either stated positively, or the source of information is sufficiently indicated.

2. The facts stated in the complaint and affidavit constitute a legal cause of action against all the defendants, for the actual damages suffered, for the following reasons:

(*a*) The plaintiff was engaged in the legal calling of a common carrier, owning vessels, lighters, and other craft used in its business, in the employment of which numerous workmen were necessary, who, as the complaint avers, were employed "upon terms as to wages which were just and satisfactory."

(*b*) The defendants, not being in plaintiff's employ, and without any legal justification, so far as appears,—a mere dispute about wages, the merits of which are not stated, not being any legal justification,—procured plaintiff's workmen in this city and in southern ports to quit work in a body, for the purpose of inflicting injury and damage upon the plaintiff until it should accede to the defendants' demands, and pay southern negroes the same wages as New York longshore-men, which the plaintiff was under no obligation to grant; and such procurement of workmen to quit work being designed to inflict injury on the plaintiff, and not being justified, constituted in law a malicious and illegal interference with the plaintiff's business, which is actionable.

(*c*) After the plaintiff's workmen, through the defendants' procurement, had quit work, the defendants, for the further unlawful purpose of compelling the plaintiff to pay such a rate of wages as they might demand, declared a boycott of the plaintiff's business, and attempted to

prevent the plaintiff from carrying on any business as common carrier, or from using or employing its vessels, lighters, etc., in that business, and endeavored to stop all dealings of other persons with the plaintiff, by sending threatening notices or messages to its various customers and patrons, and to the agents of various steam-ship lines, and to wharfingers and warehousemen usually dealing with the plaintiff, designed to intimidate them from having any dealings with it, through threats of loss and expense in case they dealt with the plaintiff by receiving, storing, or transmitting its goods, or otherwise; and various persons were deterred from dealing with the plaintiff in consequence of such intimidations, and refused to perform existing contracts, and withheld their former customary business, greatly to the plaintiff's damage.

(d) The acts last mentioned were not only illegal, rendering the defendants liable in damages, but also misdemeanors at common law, as well as by section 168 of the Penal Code of this state.

(e) Associations have no more right to inflict injury upon others than individuals have. All combinations and associations designed to coerce workmen to become members, or to interfere with, obstruct, vex, or annoy them in working, or in obtaining work, because they are not members, or in order to induce them to become members; or designed to prevent employers from making a just discrimination in the rate of wages paid to the skillful and to the unskillful; to the diligent and to the lazy; to the efficient and to the inefficient; and all associations designed to interfere with the perfect freedom of employers in the proper management and control of their lawful business, or to dictate in any particular the terms upon which their business shall be conducted, by means of threats of injury or loss, by interference with their property or traffic, or with their lawful employment of other persons, or designed to abridge any of these rights,—are *pro tanto* illegal combinations or associations; and all acts done in furtherance of such intentions by such means, and accompanied by damage, are actionable. See Greenh. Pub. Pol. 648, 653; *People* v. *Fisher*, 14 Wend. 1; *Tarleton* v. *McGawley*, Peake, \*205; *Rafael* v. *Verelst*, 2 W. Bl. 1055; *Lumley* v. *Gye*, 2 El. & Bl. 216; *Bowen* v. *Hall*, 6 Q. B. Div. 333, 337; *Gregory* v. *Duke of Brunswick*, 6 Man. & G. 205; *Gunter* v. *Astor*, 4 J. B. More, 12; *Reg.* v. *Rowlands*, 17 Adol. & E. (N. S.) 671, 685; *Mogul St. Co.* v. *McGregor*, 15 Q. B. Div. 476; *Walker* v. *Cronin*, 107 Mass. 555; *Carew* v. *Rutherford*, 106 Mass. 1; *State* v. *Donaldson*, 32 N. J. Law, 151; *Master Stevedores' Ass'n* v. *Walsh*, 2 Daly, 1, 13; *Johnston Co.* v. *Meinhardt*, 60 How. Pr. 168; *Slaughter-house Cases*, 16 Wall. 36, 116.

3. There is no such doubt concerning the plaintiff's legal rights as should debar it from the usual remedy. The motion to discharge from arrest is therefore denied.