of the Chicago & Iowa Company to offer to those willing to invest in the bonds the security of the fund which might be expected to arise in the hands of the Chicago, Burlington & Quincy Company, as an inducement additional to the security of the mortgage. This is the fair and natural understanding of the language which would be suggested to the mind of a purchaser. The contract should therefore be construed as intended to strengthen and fortify the bonds, and not as intended to require the bondholders to surrender their investment at an earlier time than is provided for in the bonds.

The motion for an injunction is denied.

---

WOODRUFF *v.* DUBUQUE & S. C. R. Co. and others.

*(Circuit Court, S. D. New York. February 11, 1887.)*

1. INJUNCTION—AGAINST OFFICERS OF CORPORATION—MEETING TO BE HELD IN ANOTHER STATE.

An injunction should not be granted in one state, to restrain officers of a corporation from voting upon proxies of the stockholders, at an approaching meeting of stockholders to be held in another state, upon an allegation that voting by proxy is only legal when expressly allowed by statute, and that there is no such statute in the latter state; it is to be presumed that the officers of the corporation will proceed legally, and, if they do not, plaintiff will not be without remedy.

2. PRINCIPAL AND AGENT—DEPOSIT OF CORPORATE STOCK—REVOCATION.

A deposit of corporate stock, made by a stockholder with the directors or their agent, to enable the stock to be voted on and to be sold, is revocable before sale.

3. CORPORATIONS—RIGHT OF OFFICERS TO USE PROXIES OF STOCKHOLDERS.

The officers of a corporation, having taken means to obtain from the stockholders a deposit of their stock, together with powers of attorney, in the hands of such officers or their agents, in order to enable them, among other things, to vote on the stock at a stockholders' meeting, *held.* that one stockholder is not entitled to have the officers restrained from voting on the stock of others, upon the theory that the transaction creates a trust for the corporation, unless corporate funds were used in doing what was done.

4. EQUITY—WAIVER OF DEFENDANT'S OATH—EFFECT OF.

The waiver by a complainant in equity of an answer under oath does not take away the right to answer under oath, and such answer, so far as responsive to the bill, must, upon motion for a preliminary injunction made upon bill and answer, be taken as true.

In Equity. Motion for preliminary injunction, upon bill and answer.

*Clarence A. Seward,* for orator.

*John F. Dillon* and *John E. Parsons,* for defendants.

WHEELER, J. The defendant railroad company is a corporation of Iowa, and its railroad is situated in that state. The articles of incorporation provide that the capital stock shall be $6,000,000, divided into shares of $100 each; that the affairs of the company shall be managed by a board of nine directors, and that no person shall be elected a di-

rector who is not the *bona fide* holder of $10,000 of stock; that an election shall be held on the second Monday in February in each year, at which four and five directors shall be alternately elected, to hold their offices for two years, and may fill vacancies. The orator is the owner of 200 shares of the stock, evidenced by certificates Nos. B 223 and 224, dated December 17, 1885, and issued to him. In view of exigencies likely to arise in the affairs of the company, the directors caused a circular letter, dated July 1, 1886, and signed by the president, to be issued to the stockholders, setting forth the circumstances, and inclosing a power of attorney to the board of directors, or a lawful majority of them, authorizing them to sell or lease the property of the company, and to execute necessary contracts and conveyances therefor, and to vote upon the stock of the stockholder addressed at any meeting called for the purpose of carrying into effect the premises, which the stockholders were requested to sign and return. Many stockholders did sign and return them. On December 13, 1886, a committee of the board of directors and the president addressed a letter to the defendants Drexel, Morgan & Co., requesting them to receive stock from the stockholders, with power to transfer the same, and to issue negotiable receipts for it, such deposits to be made for the purpose of enabling the board of directors to dispose of the property and effects of the company in any way they might deem best; or to dispose of all stock deposited, for the equal benefit of all such stock, at a price not less than par; or to execute a lease of the railroad and property on a basis to yield not less than 4 per cent. dividends to the stock, and to vote for such persons to constitute the board of directors as they may think desirable at the coming election,—the conditions other than the power to sell stock not to become binding until a majority should have been deposited; and inclosed a form of agreement to these conditions, to be signed by the stockholders. And a circular letter of the president to the stockholders, requesting them to deposit their stock accordingly, was sent to the stockholders, with a copy of the letter to Drexel, Morgan & Co. A majority of the stock has been deposited in pursuance of this arrangement. The orator has deposited his certificate B No. 224, and kept certificate B No. 223. A meeting of the stockholders for the election of directors, of whom, by the articles of incorporation, four are to be elected, has been called to be held at Dubuque. The orator has withdrawn his assent to the conditions of the letter to Drexel, Morgan & Co., revoked so far as revocable all powers of attorney and proxies to vote for him on the 100 shares of stock deposited by him, and requested a re-delivery of the stock, which has not been done.

This bill is brought, setting out these matters at large, and alleging, on information and belief, that these things are done at the expense of the corporation by the directors, for the purpose of continuing themselves in office; and praying, among other things, for a provisional injunction restraining the corporation, and its officers and directors, and Drexel, Morgan & Co., from voting, or permitting to be voted upon, the orator's 100 shares of stock deposited; and from voting, or permitting to be voted upon, any of the other stock deposited with Drexel, Morgan &

Co. in pursuance of these arrangements. The defendants have answered the bill, and have denied that any of these things have been or are being done by or at the expense of the corporation, or otherwise than as stockholders, devising and carrying out measures for the mutual benefit and protection of their interests in the corporation. The motion for a preliminary injunction has now been heard upon the bill and answer.

It is argued that this scheme is intended to be carried out by voting upon large amounts of this stock by proxy, and that the right to so vote can exist only by express statute, and that there is no such statute in Iowa. It is not, however, deemed to be necessary to examine or pass upon that claim as a ground for this motion. The election is to be held in Iowa, under the laws of that state. It is to be presumed that the officers conducting the election will recognize and be governed by those laws. If they do not give heed to those laws as they are, or as they are claimed to be by the orator, he can doubtless object, and test the validity of what is done to the contrary by appropriate proceedings. This would seem to be a better course than for this court to undertake to determine in advance what should there be determined, and what, for aught that appears, will there be properly and satisfactorily determined.

The next question raised by the motion is whether the orator has the right to control the vote upon his own stock deposited with Drexel, Morgan & Co. He has not sold his stock himself. He has deposited it with them, with authority to sell it, but they have not sold it. He therefore remains the legal owner. They have no interest in the stock coupled with the authority to sell; therefore there is no apparent reason why that authority is not revocable. The deposit was made to enable the board of directors to dispose of the property of the company, or of all of the stock deposited, at a price not less than par, as well as to vote for directors. The directors do not appear to have acquired any vested right to the stock by the deposit sufficient to prevent revocation of the authority to vote. It did not become theirs by the deposit. They were authorized to sell in a certain way, and, if they had sold, the sale would be good, but, not having sold, the title remains as before. It remains, in effect, his, with the right to control the vote upon it, which apparently cannot be granted away separately from its ownership. *Griffith* v. *Jewett*, 15 Wkly. Law Bulletin, and Ohio Law J. 419.

The remaining question is as to the right of the orator to have the defendants Drexel, Morgan & Co., or the directors, prevented from voting upon the stock of others deposited. It is urged for the orator that the transaction creates a trust for the corporation itself. Whether it does or not depends upon whether what is done in this behalf is done with corporate funds, for the corporation. The bill charges that it is so done. The answer denies this, and in this respect it is directly responsive to the bill. By the law an answer so responsive is evidence which must be overcome by other evidence or stand. It is said that the orator waived an answer under oath, as the rules in equity provide may be done. This is not understood to take away the right to answer under oath, and, when a defendant does so answer, the effect of the answer as evidence would

appear to rest upon the law of the subject, which the rules of court do not appear to attempt to change. The answer must therefore, in this respect, for the purposes of this motion, be taken to be true. If the stock was procured for the company, the defendants do not claim that it could be held for the company, and still be voted upon. *Studdert* v. *Grosvenor*, 33 Ch. Div. 528. As it is not so held, but is held for the other depositors of it as that deposited by the orator is held for him, the question is as to the right of the orator to control voting upon it as so held. It is not understood that there is any law of Iowa to prevent directors from voting for others by virtue of proxies, if any one can so vote. The other depositors may prefer to have the directors vote, or control the vote, upon their stock according to the arrangement. If so, that appears to be their right. If any of the stock has been sold, the purchasers may prefer the same thing. An injunction against it in behalf of the orator would take away from them their right in this respect, and to that extent confer it upon him. As the case is now made to appear, and is understood, this cannot properly be done.

Motion granted as to the 100 shares deposited by the orator, and denied as to the residue.

---

ROBERTS *v.* KOEHLER, Receiver, etc.

(*Circuit Court, D. Oregon.* February 25, 1887.)

1. CARRIERS—OF PASSENGERS—LIEN ON BAGGAGE.
   The fare paid by a passenger to a carrier includes the transportation of his baggage; and the carrier has a lien thereon for the fare, and may detain the same until payment thereof.
2. SAME—CASE IN JUDGMENT.
   R. purchased an unconditional ticket for a passage on the Oregon & California Railway from Portland to Ashland, and, after his ticket had been taken up by the conductor, stopped over at Grant's Pass, without his consent, leaving his baggage, consisting of a large valise, to be carried on to Ashland, where it was taken charge of by the employes of the road. On the next day R. got on the train to Ashland, but refused to pay the fare thereto, $1.79, when the conductor allowed him to remain on the train, but refused to deliver him his valise at Ashland until he paid the additional fare. *Held,* that the journey from Portland to Ashland was performed under one contract modified by the action of R. in stopping over, whereby he incurred an additional charge for his transportation, for which the carrier had a lien on the baggage so long as it remained in his possession.

(*Syllabus by the Court.*)

Action to Recover Damages.
*Edward B. Watson,* for plaintiff.
*Earl C. Bronaugh,* for defendant.

DEADY, J. This action was brought against the defendant, the receiver of the Oregon & California Railway, to recover damages for alleged maltreatment of the plaintiff while traveling on the road between Port-