(20 Misc. Rep. 423.)

### CONNELL v. STALKER.

(City Court of New York, General Term.   May 29, 1897.)

1. **LABOR ORGANIZATIONS—RIGHTS OF MEMBER—DEPRIVATION OF WORK.**
   Plaintiff, as treasurer of a labor organization, was required to deliver to a committee appointed by the president a certain book, which he refused to do, claiming it as his own; and there was no evidence that it belonged to the organization, whose constitution and by-laws provided that treasurer's books should be surrendered to the trustees, and not to any committee.   As a result of a resolution of the members of the organization, plaintiff's fellow workmen refused to work with him, causing his discharge. *Held*, he was entitled to recover damages thereby sustained.

2. **SAME—MEASURE OF DAMAGES.**
   The measure of damages for deprivation of work is the value of time lost, though no employment is sought in other localities.

3. **APPEAL—WAIVER OF ERRORS.**
   A defendant failing to move to dismiss, and to ask for the direction of a verdict, and to object to the submission of the case to a jury, is precluded from asserting that there is no evidence to sustain the verdict.

Appeal from trial term.

Action by Joseph Connell against William Stalker, president of the Journeymen's Stonecutting Association of New York, Jersey City, Eastchester, and vicinity.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Holden & Allen, for appellant.

Charles & Alfred Steckler, for respondent.

CONLAN, J.   This is an appeal from a judgment entered upon a verdict of the jury, and from an order denying the defendant's motion for a new trial.   The action was brought to recover as damages a certain sum of money, representing the wages of the plaintiff, which he claims to have lost by reason of the wrongful acts of the defendant.   The evidence in the case is to the effect that the plaintiff, the treasurer of the defendant, refused to deliver up certain books, which he kept while an incumbent in that office, to a committee appointed to investigate certain accounts, and that in consequence of such refusal he was "knocked off" by the framing of a resolution adopted by the defendant on the 5th day of June, 1895, and when he presented himself at his place of employment, at St. Luke's Hospital, on the morning of June 7th, the walking delegate of the defendant came and told the other men employed on the work (some 25 in number) that they must not work with the plaintiff, because of the aforesaid resolution; and thereupon the plaintiff was

discharged from employment by the foreman of the work, because the other men refused to work with him. In the very recent case of Curran v. Galen, 152 N. Y. 33, 46 N. E. 297, it was said:

"The principle which justifies such organizations is departed from when they are so extended in their operations as either to intend or to accomplish injury to others. Public policy and interests of society favor the utmost freedom in the citizen to pursue his lawful trade or calling; and if the purpose of an organization or combination of workingmen be to hamper or restrict that freedom, and, through contracts or arrangements with employers, to coerce other workingmen to become members, and to come under its rules and conditions, under the penalty of the loss of their positions and of deprivation of employment, then that purpose seems clearly unlawful."

And this principle of law applies with equal force in the case of a workingman who is hindered in his employment by the unlawful adoption of any method to hinder him in the pursuit of his calling, as in the case at bar. There cannot be any doubt but that the right of action exists in favor of the discharged employé against a third party who has maliciously procured his discharge; and labor associations have no more right to inflict injury to others, or upon others, than have individuals. Steamship Co. v. McKenna, 30 Fed. 48. There is little, if any, conflict in all the array of testimony upon the question of interference; and the trial justice charged the jury that the plaintiff was entitled to recover, leaving the question of the amount of the verdict to be determined by them, and this was practically the only question submitted for their consideration. This decision of the justice was reached as the necessary result of the provisions of the defendant's by-laws and constitution, which were in evidence upon the trial, the principal feature of which under this head appears to be that the plaintiff, as treasurer, was annually called upon to surrender to the trustees, and not to a committee appointed by the president, and we are inclined to agree with him in this conclusion. The constitution and by-laws of the defendant prescribe the precise manner in which the treasurer may be called upon to surrender, and these provisions may not be set aside at the mere whim of a majority present at any meeting by the arbitrary passage of a resolution, the direct consequence of which is the infliction of an injury, and which required him to surrender to a committee to be appointed by the president. There is no pretense that his accounts were not properly kept, for it was shown that they had been regularly examined and audited in the manner provided by the by-laws. The whole trouble seems to have grown out of the refusal on his part to surrender a particular book, which he claims was his private property, and not the property of the defendant; and, as it was not shown to belong to the latter, we do not think his refusal to surrender, even though the trustees themselves had demanded it, was a violation of any provision of the by-laws, or called for his being "knocked off" by a resolution hastily prepared and arbitrarily adopted by the associate members.

Upon the question of the amount of damages, we do not think there is any just cause for complaint. If the plaintiff is entitled to recover at all, he is entitled to recover for such time as was lost to him by the acts of the defendant. Nor was he obliged to seek em-

ployment in other localities. There was no conflict of evidence upon the point of his having been deprived of work for a period of nine weeks. Nor is it claimed that the sum asked as wages was disproportionate to that paid to other mechanics in his line.

The defendant seems to have conceded that the plaintiff had sufficiently proved his cause of action by the failure on its part to move to dismiss and to ask for the direction of a verdict, or to object in any way to the submission of the case to a jury, either at the close of the plaintiff's case, or before the case was actually submitted, and is thereby precluded from asserting that there is no evidence to sustain the verdict. The denial of the motion to set aside the verdict, for that reason, we think must stand.

The whole case, as presented at the trial, might with reason be said to have decided itself; and, if it had been left to the jury without limitation, we are of the opinion that no other verdict could have been reached, and the verdict thus obtained would not have been disturbed on appeal. We have examined the case with care, and do not find that the defendant was in any way prejudiced by anything that occurred on the trial.

For the reasons stated, we think the judgment should stand, and it is therefore affirmed, with costs. All concur.