In the Matter of the Application of CHARLES H. SEMKEN, Appellant, for a Peremptory Writ of Mandamus Directed to the STATE COUNCIL OF THE JUNIOR ORDER OF UNITED AMERICAN MECHANICS OF THE STATE OF NEW YORK, INCORPORATED, Respondent, GENERAL WARREN COUNCIL No. 159, JUNIOR ORDER UNITED AMERICAN MECHANICS OF THE STATE OF NEW YORK, INCORPORATED.

Second Department, February 9, 1917.

Junior Order of United American Mechanics — authority of State council to order secretary of local council to deliver books — review of decision of State council.

The State council of the Junior Order of United American Mechanics of the State of New York has no power to order the recording secretary of a local council to deliver the books kept by him to its officer, where the local council forbade him to do so.

Second Department, February, 1917.          [Vol. 176.

Where mere matters of fact are involved, the court will abide by the decision of the State council.

The State council, having no authority to make such an order, it is without jurisdiction to try a secretary of a local council for disobedience thereof.

The books of a subordinate council are "property" within the meaning of section 5 of the Benevolent Orders Law, giving the trustees of a subordinate lodge control of its property.

APPEAL by Charles H. Semken from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 4th day of February, 1916, denying his application for a peremptory writ of mandamus.

*Francis A. McCloskey*, for the appellant.

*William J. Smith*, for the respondent.

THOMAS, J.:

The State Council of the Junior Order of United American Mechanics of the State of New York has some general powers over the councils, one of which is General Warren Council, No. 159, etc. Semken, appellant, was a member and recording secretary of the local council. Complaint was made to the Insurance Department that some portion of a death loss had not been paid. That set the State council in motion, and it ordered one Fandrey, as deputy State councilor, to investigate the matter. He visited the local council but at the time entered into no formal investigation. But later, by direction of the State council, he demanded that the book kept by Semken be turned over to him for investigation. Thereupon arose this present controversy. The local council directed Semken not to turn over the book, but to allow the State councilor to examine it without taking it away or depriving Semken of the control of it. Semken freely offered it on those conditions. The State officer demanded and was refused unconditional surrender of the book. Thereupon Semken was accused of insubordination, found guilty thereof by the State council, and dismissed. He appealed to a higher body, where the determination was affirmed, and then he came to this court. The sole question is whether the State council

had the power to command Semken to deliver the book to its officer, although the local council forbade him to do it. There is some question about dues received, but that does not enter into the grounds of the findings upon which the dismissal was based. Where is the law that permits the State council to insist that an officer of the local council shall part with the local books when his own immediate council insists that he shall not do so? I can find nothing unless it be in article II, section 8, State laws, which provides: "The board shall prescribe the rules for its own government and shall have the power to compel all subordinate councils within this State to comply with the laws, rules, usages and *orders* of this State Council, take whatever means they deem necessary to organize or assist in the organization of subordinate councils; hear and, after a fair trial, determine all charges of insubordination * * *." The State council in the present case did order the thing to be done, and if it has the sovereign power to do it as regards the local council, there can be no just dispute. The State council had the power of visitation, but it would be an excessive and oppressive exercise of authority to command that the books be surrendered to it, even for the purposes of investigation, unless there is some law for it. The State council may order, but the order must be within its powers. I look in vain for any suggestion of such right. If mere matters of fact were involved, this court would abide by the decision of the State council. (*People ex rel. Johnson* v. *N. Y. Produce Exchange,* 149 N. Y. 401; *Neukirch* v. *Keppler,* 56 App. Div. 225; affd., 174 N. Y. 509; *Young* v. *Eames,* 78 App. Div. 229; affd., 181 N. Y. 542; *Lewis* v. *Wilson,* 121 id. 284.) It is, however, a matter of jurisdiction. The Benevolent Orders Law, section 5, gives the trustees of a subordinate council control of its property. (See Consol. Laws, chap. 3 [Laws of 1909, chap. 11], § 5, as amd. by Laws of 1912, chap. 65, and Laws of 1915, chap. 183.) The books are property, and the ultimate control was with the trustees of the lesser body. The recording secretary held the book in question subject to the trustees and their command. The local council forbade the secretary to commit the books absolutely to the deputy of the State council. He obeyed. In the absence of

power in the State council to overrule the command, the secretary was protected. The result is that the command of the State council was without authority. Consequently it was without jurisdiction to try the relator for disobedience of what it could not command. *Connell* v. *Stalker* (20 Misc. Rep. 423; affd., 21 id. 609) and *Matter of Reed* (95 id. 695) may be consulted.

The order should be reversed, with ten dollars costs and disbursements, and the writ should issue to the two bodies to restore the relator to membership, with fifty dollars costs.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the writ should issue to the two bodies to restore the relator to membership, with fifty dollars costs.